## 12032

### HUGGINS v. McFADDIN *ET AL.*

#### (134 S. E., 35)

PRINCIPAL AND AGENT.—Loss by failure of mortgagor's agent to discharge mortgage debt after payment of money to him must be borne by mortgagor.

Before TOWNSEND, J., Clarendon, June, 1925. Affirmed.

Action by John E. Huggins against W. D. McFaddin and others. Judgment for plaintiff and defendants appeal.

*Mr. Charlton Durant* for appellants, cites: *Action by assignee of chose in action is without prejudice to defense existing before notice of assignment:* Code. Civ. Pro., 1922, Sec. 355.

*Messrs. Dinkins & Stukes* for respondent, cite: *Notice of assignment to mortgagor's agent may be imputed to mortgagor:* 27 Cyc. 1316. *Case in point:* 105 So., 644. *Assignee of mortgage not affected by equities arising after assignment:* 60 S. C., 216; 1 Jones on Mortgages, 2nd Ed., 684 and 688. *Mortgagor on payment of debt failing to obtain cancellation of papers acts at his peril:* 127 S. E., 562; 119 S. E., 829; 110 S. C., 110; 15 S. C., 171; 12 N. C., 243; 17 S. E., 296; 27 Cyc., 1317; 2 Jones on mortgages, 2nd Ed., 59. *Where one of two innocent parties must suffer:* 122 S. E., 511; 119 S. E., 829; 110 S. C., 110. *Assignments of mortgages not required to be recorded:* 119 S. E., 829; 110 S. C., 110. *In support of plea of payment to agent, agency*

*must be proved:* 122 S. E., 511.   *Agency to receive interest not agency to collect principal:* 127 S. E., 562; 122 S. E., 511.   *One dealing with agent must ascertain scope of agency:* 127 S. E., 562.

July 15, 1926.

The opinion of the Court was delivered by Mr. Justice Blease.

This was an action on the part of the plaintiff, the respondent here, against the defendants for the foreclosure of a mortgage of real estate, executed by the defendant W. D. McFaddin to S. O. O'Bryan, who assigned the mortgage to plaintiff.

The defendant S. W. Young holds a mortgage junior to that claimed by the plaintiff.   The defendant E. Hassell McFaddin took a conveyance of the mortgaged premises from the defendant W. D. McFaddin after the execution of the mortgage to O'Bryan and assignment thereof to the plaintiff.

It was admitted by all the parties to the action, at the hearing before the special referee, that the defendants E. Hassell McFaddin and S. W. Young had knowledge and notice of the claim of ownership by the plaintiff of the mortgage sued on in this action, and that payment thereof had not been made to the plaintiff at the time these two defendants acquired their interest in the mortgaged premises.

The defendant W. D. McFaddin contended in his answer that the full amount due on his mortgage to O'Bryan assigned to the plaintiff, had been paid by him to O'Bryan. That contention is the only question in the cause.

The case was referred to George D. Shore, Jr. Esq., as special referee, who sustained the claim of the plaintiff and recommended judgment in his favor.   Upon appeal from the findings of the referee to the Court of Common Pleas of Clarendon County, his Honor, Judge W. H. Townsend, confirmed the referee's findings of fact in all respects.   The

defendants have appealed to this Court from the decree of Judge Townsend.

In his decree, the Circuit Judge, after reviewing the testimony taken before the special referee, makes these holdings:

"From this evidence it appears that McFaddin, mortgagor, made O'Bryan his agent in the first instance, August, 1917, to borrow for him the $400 desired from any third party; and should have expected him to assign to the lender the bond and mortgage then given, and that, without inquiry as to who held the $400 mortgage McFaddin again made O'Bryan his agent to obtain the moneys to be advanced by Mrs. Levi on the $2,000 mortgage, and to use them in paying up the $400 bond and mortgage.

"By thus authorizing O'Bryan to act as his agent to borrow money for him, McFaddin enabled O'Bryan to obtain the moneys from Mr. Huggins, the plaintiff, and Mrs. Levi, and is now estopped in equity from claiming, as against Mr. Huggins, the plaintiff, that the bond and mortgage now sued on have been paid."

This is one of those hard cases, where at least one innocent person must suffer because of misconduct on the part of a third person who is trusted, in a way, by both of the innocent ones. The defendant, W. D. McFaddin, a very old man, trusted O'Bryan, as it now appears, entirely too far. Under the testimony in the case, he has causes of action, both civil and criminal, against him.

As we see it, there is no legal question before us. The only question is one entirely of fact: Was O'Bryan agent of the mortgagor, W. D. McFaddin, or was he the agent of the plaintiff? There was abundant evidence to sustain the findings of the referee, concurred in by the Circuit Judge, that he was the agent of Mr. McFaddin. That being true, O'Bryan's failure to discharge the mortgage debt of the plaintiff must be borne, unfortunately, by this good old gentleman, who has been so grossly imposed upon. We see no error in the decree of the Circuit Judge.

The judgment of this Court is that the judgment of the Court of Common Pleas of Clarendon County, in this cause, be, and the same is hereby, affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, STABLER and RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.